# In the United States Court of Federal Claims

No. 21-1123 C

Filed: June 28, 2021

|  |  |
|---|---|
| DAVID BRIAN MORGAN, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| *Defendant.* | ) ) ) |

*David Brian Morgan*, Lexington, OK, *pro se*.

*Joshua A. Mandlebaum*, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey, Jr.*, Acting Director, and *Tara K. Hogan*, Assistant Director, of counsel, for the Defendant.

## OPINION AND ORDER

**MEYERS, Judge.**

David Brian Morgan ("Morgan") brings this action *pro se* against various defendants, including the State of Oklahoma, various judges, various prison officials and corrections officers, and the Social Security Administration. For the reasons stated below, the Court grants the Government's Motion to Dismiss (ECF No. 7).

**I.    Background**

Morgan pleaded guilty to rape, molestation, kidnapping, and weapons possession. He is currently serving a life sentence in an Oklahoma state prison. *Morgan v. Oklahoma*, 814 F. App'x 353, 354 (10th Cir. 2020) (per curiam). Morgan now raises several challenges to his confinement, including alleged overcrowding, *see* Compl., ECF No. 1, at 6-8, 17,[1] prison violence, *id*. at 8, negligence and medical malpractice, *id*., decreased access to the law library, *id*. at 9, and insufficient access to medical care, *id*. at 12. Morgan contends that these allegations establish violations of the False Claims Act and various "Indian protection" statutes. *Id*. at

---

[1] Because Plaintiff's complaint is handwritten and paragraphs are not numbered, the Court refers to page numbers when referring to the Complaint.

13-14. Morgan also appears to allege violations by federal judges that have denied him relief, including collateral review of his conviction. *See id*. at 10-11. Finally, Morgan alleges "FRAUD OF AN EPIC PROPORTION" because he has had social security withheld from checks while he was employed but is now ineligible for benefits because of his incarceration. *Id*. at 11-12.

## II. Standard of Review

Generally, a *pro se* plaintiff's complaint is held to "less stringent standards . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But a *pro se* plaintiff must establish this Court's jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [h]owever, . . . a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only."). "*Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims." *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Although a litigant has the right to act as his or her own attorney, it is well established that the right of self representation is not a license to fail to comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

When considering a motion under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), the Court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If, at any time, the Court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." RCFC 12(h)(3).

When evaluating a RCFC 12(b)(6) motion, the Court assumes the veracity of any complaint's well-pleaded factual allegations, drawing all reasonable inferences "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Based on these allegations, the Court "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted). Under RCFC 12(b)(6), the Court must dismiss a complaint that fails to "plausibly allege the required elements" for any claims. *Kam-Almaz v. United States*, 682 F.3d 1364, 1369 (Fed. Cir. 2012).

## III. Discussion

Under the Tucker Act, which is the primary jurisdictional grant to this Court, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act provides a grant of jurisdiction and waiver of sovereign immunity, it does not provide a cause of action or right to recover. To invoke the Court's jurisdiction, Morgan must also identify a Constitutional provision, statute, or regulation that entitles him to recover money from the United States. As the Supreme Court explained, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (citations and internal quotation marks omitted). Such "money-mandating provisions are uncommon . . . ." *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1329 (2019) (citing M. Solomson, Court of Federal Claims: Jurisdiction, Practice, and Procedure 4-18 (2016)).

### A. This Court lacks jurisdiction to hear Morgan's claim under the False Claims Act.

Morgan seeks to bring a *qui tam* action under the False Claims Act on behalf of the United States against a United States Magistrate Judge, a United States District Judge, one corrections officer, a prison official, the Social Security Administration, and the State of Oklahoma. Compl. at 1-4. But the Court's jurisdiction only extends to claims against the United States for its alleged wrongdoing. "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Indeed, Morgan does not identify any wrongdoing by the United States. Instead, he seeks to bring an action on behalf of the United States for wrongs allegedly done to it. *See* Compl. at 1 ("Motion to File for United States of America . . . Motion to File Qui Tam False Claims Act"). But Congress vested the exclusive jurisdiction over claims under the False Claims Act in the district courts. As the Federal Circuit explained, "*qui tam* suits may only be heard in the district courts." *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (citing 31 U.S.C. § 3732(a)). Because this Court is not a district court, it lacks jurisdiction under the False Claims Act to hear Morgan's claims.

Even if the Court construed Morgan's claim to be for common law fraud, the result would be the same. Fraud, along with negligence, Compl. at 11-12, and medical malpractice, *id.* at 8, sound in tort. The Court cannot adjudicate these claims because Congress limited our jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

In any event, the Court will examine whether there is a Constitutional or statutory provision that provides jurisdiction over Morgan's claims to ensure that jurisdiction is lacking before dismissing the action.

### B. The United States Constitution does not provide this Court with jurisdiction over Plaintiff's claims.

1. <u>The First Amendment does not confer jurisdiction over Plaintiff's claims.</u>

3

Morgan argues that the First Amendment provides this Court with jurisdiction over his claims because this Court "HELPS MAKE CONCRETE THE SPIRIT OF THE FIRST AMENDMENT[']S GUARANTEE OF THE RIGHT 'TO PETITION THE GOVERNMENT FOR [A] REDRESS OF GRIEVANCES.'" Pltf.'s Resp. at 7 (quoting U.S. Const. amend. I), ECF No. 10.[2] While the First Amendment certainly guarantees core, fundamental rights, "the [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983); *Oyer v. United States*, No. 18-903T, 2019 WL 6358035, at *6 (Fed. Cl. Nov. 27, 2019) ("Plaintiff asserts that our court has jurisdiction under the First Amendment, which guarantees her right to petition the courts to redress allegedly-suffered grievances. . . . But the First Amendment is not money-mandating . . . and thus this argument fails to state a claim within our subject-matter jurisdiction.") (internal citations omitted). Because the First Amendment does not command the payment of money, it does not confer jurisdiction upon this Court to hear Morgan's claims.

    2.  <u>The Fifth Amendment does not confer jurisdiction over Plaintiff's claims.</u>

Morgan asserts that both the Grand Jury[3] Clause, Pltf.'s Resp. at 3, and Double Jeopardy Clause, *id.* at 7-8, of the Fifth Amendment provide jurisdiction over his claims. Here too, this Court lacks jurisdiction under these provisions because they are not money-mandating. When addressing an argument that the Fifth Amendment's Due Process and Double Jeopardy Clauses confer jurisdiction here, the Federal Circuit found it "well established that the Court of Federal Claims lacks jurisdiction over such claims because neither [the Due Process Clause nor the Double Jeopardy Clause of the Fifth Amendment] is a money-mandating provision." *Flowers v. United States*, 80 Fed. Cl. 201, 214 (2008) (alterations in original) (quoting *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998)). The same is true of the Grand Jury Clause. *Nelson v. United States*, No. 14-1023C, 2015 WL 276330, at *3 (Fed. Cl. Jan. 21, 2015) ("It is axiomatic that the First, Sixth, Ninth, and Fourteenth Amendments, and most of the Fifth Amendment, by themselves, are not money-mandating.") (citations omitted); *Stephens v. United States*, No. 10-571C, 2011 WL 222118, at *3 (Fed. Cl. Jan. 21, 2011) (recognizing that only the Takings Clause of Fifth Amendment is money-mandating). As the Court in *Nelson* recognized, "[e]xcept for one clause of the Fifth Amendment [(the Takings Clause)] 'the Fifth and Sixth Amendments are not money mandating.'" *Nelson*, 2015 WL 276330, at *3 (quoting *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999)).

    3.  <u>The Eighth Amendment does not confer jurisdiction over Plaintiff's claims.</u>

---

[2] Because Plaintiff's Response does not have page numbers, respective citations are to page numbers in the ECF Header.

[3] Because this Court lacks jurisdiction over claims under the Grand Jury Clause, it need not reach the question of whether the clause applies to Plaintiff's claims at all. Plaintiff is incarcerated in a ***state*** penitentiary based on his guilty plea to ***state*** criminal charges. To date, the Supreme Court of the United States has not found the Grand Jury Clause applicable to the States through incorporation into the Fourteenth Amendment. Nothing in this opinion should be construed to find or imply otherwise.

Although not explicitly asserted in the Complaint, Morgan does allege what he considers to be "CRUEL AND UNUSUAL PUNISHMENT." Compl. at 8. Assuming this is intended to invoke the Eighth Amendment as a basis of jurisdiction, this claim fails as well. As the Federal Circuit made clear, "[t]he Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'" *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (citation omitted). Therefore, the Eighth Amendment does not provide this Court with jurisdiction to hear Morgan's claims.

    4. This Court lacks jurisdiction to address Morgan's claims under *McGirt v. Oklahoma*.

Although not entirely clear, Morgan appears to allege that the State of Oklahoma has acted unlawfully by "ILLEGALLY ARREST[ING], CHARG[ING], IMPRISON[ING], [AND] FIN[ING]" inmates. Compl. at 8. In addition to alleging misconduct by entities other than the United States, these allegations are not properly raised to this Court. To the extent Morgan wishes to challenge his arrest and confinement under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), *see* Compl. at 8, 14-16, he must bring that claim in an appropriate district court. Similarly, Morgan alleges that various judges have improperly denied his petitions for habeas corpus and seeks to have this Court "CLEAN UP" the errors made by these other courts. *Id.* at 10-11. Confirming his desire for this Court to review his conviction, Morgan asks for an order granting him "IMMEDIATE RELEASE FROM PRISON, (2) IMMUNITY FROM FURTHER PROSECUTION, [AND] (4) SENTENCE COMPLETELY VACATED AS ILLEGAL." Pltf.'s Resp. at 8. But this Court lacks jurisdiction to review the decisions of district courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [the prisoner] asked the [Court of Federal Claims] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the [Court of Federal Claims] does not have the authority to review such decisions.") (citations omitted); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . ."); *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981) ("[The plaintiff] cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages.").

  **C.** **There is no statutory basis for jurisdiction over Plaintiff's claims.**

    1. 28 U.S.C. § 1331 does not vest this Court with jurisdiction.

Morgan identifies 28 U.S.C. § 1331 in his Complaint as providing this Court jurisdiction to hear his claims. Compl. at 6. Although the Parties did not address Section 1331 in their briefs, the Court will address Section 1331 as a potential source of jurisdiction because the Complaint raises it. Section 1331 provides: "The *district courts* shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). When Congress vests jurisdiction in the district courts, this Court "lacks subject matter jurisdiction over" such claims because "[t]he Court of Federal Claims is not a district court of the United States . . . ." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *see also Embrey v. United States*, No. 19-740C, 2020 WL 7312184, at *5

5

(Fed. Cl. Dec. 11, 2020) (holding Section 1331 "does not apply to our court, however, and so does not provide the necessary jurisdiction to proceed.") (citations omitted).

        2.      This Court does not have jurisdiction over Morgan's social security claims.

Although the basis of Morgan's allegations about social security benefits is not clear, he appears to allege that he is not receiving any benefits because of a "FRAUD OF AN EPIC PROPORTION." Compl. at 12. To the extent Morgan brings a fraud claim, that tort claim is outside the Court's jurisdiction as explained above. To the extent he seeks a review of his benefits or lack thereof, Morgan must bring that claim to a district court. 42 U.S.C. § 405(g) (requiring challenges to benefit determinations to be brought in district court) & (h) (prohibiting any challenge other than those allowed in Section 405); *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[T]he [Court of Federal Claims] has no jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988), over claims to social security benefits . . . .").

        3.      None of the "Indian Protection" statutes Morgan cites provide jurisdiction to hear his claims.

Morgan identifies five "Indian Protection" statutes presumably as bases for this Court to hear his claims. Compl. at 13. But he does not elaborate as to what, if any, bearing these statutes have on this case. And it is difficult to see how they are relevant. These statutes are:

- 25 U.S.C. § 177-Purchases or grants of lands from Indians. This provision invalidates purchases of Indian lands other than those made by treaty or convention pursuant to the Constitution. It also provides for a penalty for anyone "not being employed under the authority of the United States" that attempts to negotiate such a treaty or convention.

- 25 U.S.C. § 179-Driving stock to feed on lands. This provision imposes a penalty of $1 per animal on any person that drives livestock "to range and feed" on any Indian lands but not Creek lands.

- 25 U.S.C. § 180-Settling on or surveying lands belonging to Indians by treaty. This provision prohibits the surveying of and settlement on Indian lands, and provides that violators are liable for a "penalty of $1,000." The statute also allows the President "to remove any such person from the lands."

- 25 U.S.C. § 201-Penalties; how recovered. This provision requires that actions to recover penalties be brought in the name of the United States "before any court having jurisdiction of the same . . . ."

- 25 U.S.C. § 264-Trading without license; white persons as clerks. This provision prohibits non-Indians from trading in Indian country without a license, and provides that anyone doing so without a license "shall forfeit all merchandise offered for sale to the Indians or found in his possession," and is "liable to a

6

penalty of $500." It also prohibits white persons from serving as a clerk to an Indian trader unless licensed by the Government.

These statutes, however, do not provide this Court with jurisdiction. To the contrary, except for Section 201, they assess penalties and forfeitures. And jurisdiction over claims for penalties and forfeitures lies in the district courts. 28 U.S.C. § 1355(a) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . ."). And Section 201 provides the mechanism to bring an action to recover penalties—*i.e.*, a *qui tam* proceeding brought in the name of the United States. 25 U.S.C. § 201; *United States ex rel. Whitehorse v. Briggs*, 555 F.2d 283, 285 (10th Cir. 1977).

But nothing about these statutes indicates that Congress meant to waive immunity to actions against the United States under them. And it is beyond dispute that such a waiver must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). In fact, because Section 177 provides penalties for anyone "not being employed under the authority of the United States," 25 U.S.C. § 177, it does not appear that the United States could be liable under this provision. Like Section 177, Section 264 provides penalties for those trading without a license issued by the United States. It is not clear how the United States could be liable under such a provision for trading in Indian country (a fact that Morgan never alleges). Similarly, Section 180 prohibits settling on or surveying Indian land and authorizes the President to "employ such military force as he may judge necessary to remove any such person from the lands." *Id*. § 180. Given that the President could easily direct government officials to vacate such lands, the authorization of military force strongly suggests that Section 180 targets only non-governmental actors rather than the Government itself. Finally, allowing Morgan to bring an action in the name of the United States against the United States would put the United States in the untenable position of being both the plaintiff and the defendant in the same action.

## IV. Conclusion

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Edward H. Meyers
Edward H. Meyers
Judge
